# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KEVIN RODRIGUEZ, ) | CASE NO.   1: 06 CV 1199 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Respondent. ) | |

This matter comes before the Court upon a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Kevin Rodriguez, a.k.a. Thomas Karoglan ("Petitioner"). (ECF #1.)

## I.

On May 23, 2002, pursuant to a plea agreement, Petitioner entered a plea of guilty to Count I of the Indictment, which charged him with conspiracy to possess with intent to distribute more than 500 grams of cocaine. (Crim. Docket # 21.)[1] On the same day, the Court released Petitioner on a $10,000.00 unsecured bond. (*Id.*) Petitioner failed to appear at the sentencing hearing, and the Court thus issued a warrant for his arrest. (Crim. Docket # 27.) Petitioner's whereabouts remained unknown until his arrest on April 25, 2003. (Crim. Docket # 33.)

On November 12, 2004, this Court sentenced Petitioner to 137 months of incarceration. (Crim. Docket # 41, # 42.) Petitioner did not file an appeal to the United States Court of Appeals for the Sixth Circuit. On May 15, 2006, Petitioner filed the present Motion to Vacate, Set Aside, or

---

[1] All citations to the Criminal Docket refer to Case No. 1:02-cr-00097.

Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF # 1.)

## II.

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *See Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

## III.

In his Motion, Petitioner claims that his counsel was ineffective in failing to appeal his case to the United States Court of Appeals for the Sixth Circuit. For the reasons stated below, Petitioner's Motion to Vacate, Set Aside or Correct Sentence is denied.

There exist two reasons why Petitioner's Motion need not be resolved on the merits.  First, the instant Motion is untimely.  That is, the one-year statute of limitations applicable to Petitioner's claim began to run when the 10 days for filing an appeal had passed.  *See* 28 U.S.C. § 2255.  Accordingly, Petitioner filed his Motion nearly six months after the statute of limitations had expired.  Although the statute of limitations may be equitably tolled, Petitioner has failed to establish any basis for equitable tolling.[2]  As such, the equitable tolling doctrine is inapplicable in these circumstances.

Second, Petitioner is barred from obtaining the collateral relief requested in his Motion, by virtue of the fact that he signed a plea agreement waiving nearly all of his available rights to file post-conviction petitions.  Here, there has been no suggestion that Petitioner's willingness to enter into the plea agreement was involuntary, or that the waiver therein is invalid.  Thus, Petitioner's present attempt to collaterally attack the Court's judgment fails.  *See United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995) ("Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily.").

Furthermore, even if the Court were to consider the merits of Petitioner's claim, it would reach the same conclusion.  In order to establish ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable.  *See Strickland v. Washington*, 466 U.S. 668,

---

[2] "In determining whether equitable tolling of a limitations period is appropriate, a court must consider: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Brown v. United States*, 20 Fed. Appx. 373, 374 (6th Cir. 2001) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (internal quotations and citations omitted)).

687 (1984).  In this case, Petitioner claims that his counsel was ineffective in that she failed to file an appeal on his behalf in the Sixth Circuit.  More specifically, Petitioner claims that his counsel should have raised the following on appeal:

> (A) Movant entered into a plea agreement that provided a three (3) point reduction in his offense level for Acceptance of Responsibility, Section 3E1.1 of the United States Sentencing Guidelines;
>
> (B) Movants [sic] sentence was not based upon a sentencing guideline range that included a three (3) point reduction for Acceptance of Responsibility, Section 3E1.1, in violation of the plea agreement.

(ECF # 1 at 19.)  Because Petitioner's challenge to the Sentencing Guidelines calculation does not rise to the level of a fundamental defect causing a complete miscarriage of justice, Petitioner fails to state a basis for relief.  *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).  Moreover, as noted by Respondent, Petitioner was not eligible for credit based on acceptance of responsibility, as he was a fugitive for approximately eight months between the date that the sentencing hearing was scheduled to take place until his arrest by United States Marshals.  Based on the foregoing, Petitioner's claim is without merit.

**IV.**

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion.  For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.  (ECF # 1.)  Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                            s/Donald C. Nugent
                                            DONALD C. NUGENT
                                            United States District Judge

DATED: June 27, 2006